IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01710-RBJ-KLM

PROFITSTREAMS LLC,

 Plaintiff,

v.

AMERANTH, INC.,

 Defendant.

_____

**ORDER**

_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Stay Proceedings Pending Determination of Ameranth's Rule 12 Motion to Dismiss** [Docket No. 32; Filed September 12, 2011] (the "Motion").  Defendant asks the Court to stay discovery in this case until after District Judge Jackson has ruled on its pending Motion to Dismiss [#15].  On September 26, 2011, Plaintiff filed a Response [#37] to the Motion.  Defendant did not file a Reply.  This matter is an action for declaratory relief by Plaintiff, which seeks a declaration that three patents licensed by Defendant to Plaintiff are invalid.

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending.  *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-

-1-

01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unreported decision) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC*

*v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unreported decision)).

The first factor that the Court considers is the interest of Plaintiff in proceeding expeditiously with discovery and the potential prejudice to Plaintiff of a delay. *See String Cheese Incident*, 2006 WL 894955, at *2. Plaintiff avers that it will be prejudiced by delay because this and other patent litigation activities between the parties "have hampered Plaintiff's ability to form and maintain relationships with partners and potential partners;" because the issue of whether Plaintiff is required to pay license fees to Defendant remains unresolved, and related failure-to-pay damages would continue to accrue while the case is stayed; and because expeditious resolution of this case would allow Plaintiff "to continue developing products and engaging in day-to-day business operations without apprehension of [Defendant] filing suit against it for patent infringement." *Response* [#37] at 4-5. Defendant does not deny or counter any of these arguments. Thus, the Court finds that the first *String Cheese Incident* factor weighs against entry of a stay.

With regard to the second factor, the Court finds that Defendant has not demonstrated that proceeding with the discovery process presents an undue burden.[1] In spite of this, Defendant is partially correct that proceeding will be wasteful if District Judge Jackson grants its Motion to Dismiss [#15]. *See Motion* [#32] at 4. If the Motion to Dismiss [#15] is resolved in favor of Defendant, Defendant's further expenditure in this case would

---

[1] Defendant avers that it runs the risk of inadvertently consenting to venue or jurisdiction if it is required to participate in discovery, further hearings, and other matters, in spite of its assertions of lack of personal jurisdiction and improper venue in its Motion to Dismiss [#15]. *See Motion* [#32] at 5. Regardless of the legal merits of this argument, Plaintiff "stipulates that it will not use [Defendant's] participation in this litigation to support a claim that jurisdiction and venue are proper in this Court for this action." *Response* [#37] at 3 n.1.

be for naught.  However, if Defendant's alternate request for transfer of the case to the Southern District of California is granted, expenses for discovery will not be wasted. Moreover, the same holds true for Plaintiff; if the Motion to Dismiss [#15] is resolved in favor of Defendant, then Plaintiff's further expenditure in this case would also be for naught. If Defendant's alternate request for transfer is granted, Plaintiff's further expenditures would not be wasted.  The Court therefore finds that the second *String Cheese Incident* factor is a neutral factor under the circumstances of this case.

With regard to the third factor, it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed on its merits in this jurisdiction.  *See Chavous*, 201 F.R.D. at 5 (stating that staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]").  The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of granting a stay.

With regard to the fourth factor, Defendant does not point to any nonparties with significant particularized interests in this case.  Plaintiff argues in its Response that nonparties in related litigation filed in the United States District Court for the Southern District of California have an interest in the parties expeditiously proceeding to discovery in this matter.  *See Response* [#37] at 7-8.  Two of the three patents at issue in the Southern California case are at issue in this case, and Defendant in this case is the plaintiff in that case.  *See id.* at 7; *Motion* [#32] at 4.  The Court agrees that resolving the validity of the patents in this case is a matter of significant particularized interest to nonparties in an ongoing patent-infringement case involving two of the same three patents.  Expeditious

-4-

resolution of this case favors the interest of these nonparties.  Accordingly, the fourth *String Cheese Incident* factor weighs against entry of a stay.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution.  Avoiding wasteful efforts by the Court clearly serves this interest, weighing in favor of a stay.  However, Plaintiff also argues that the public interest supports proceeding with discovery because there is a "great public interest" in expeditiously resolving disputes with respect to the validity of patents. *Response* [#37] at 8 (quoting *Beckman Instruments, Inc. v. Technical Dev. Corp.*, 433 F.2d 55, 62-63 (7th Cir. 1970)).  Thus, weighing the public's generalized interest in efficient court proceedings against the public's generalized interest in expeditiously resolving patent disputes, the Court finds that the fifth *String Cheese Incident* factor is a neutral factor under the circumstances of this case.

Weighing the relevant factors, and taking into account that stays are disfavored in this district, the Court concludes that staying discovery pending resolution of Defendant's Motion to Dismiss [#15] is inappropriate.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Stay [#32] is **DENIED**.

DATED: October 21, 2011 at Denver, Colorado.

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge