## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:11-cv-01710-RBJ-KLM**

PROFITSTREAMS LLC,

      Plaintiff,

v.

AMERANTH, INC.,

      Defendant.

---

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

---

Pursuant to F.R.C.P. 26(c), Plaintiff Profitstreams LLC and Defendant Ameranth, Inc. ("the parties") STIPULATE AND AGREE that this Confidentiality Stipulation and Protective Order (the "Order") shall govern the handling of documents, depositions, deposition exhibits, responses to any discovery requests, including responses to interrogatories, document requests, and requests for admissions, inspections, witness interviews and any other information produced, given or exchanged by and among the parties and non-parties to this action.

A protective order is necessary in this case to prevent the improper dissemination and use of privileged or proprietary material to parties not involved in this litigation. Certain information to be produced in discovery involves privileged or proprietary information. Accordingly, the parties believe that compelling reasons exist and request that this Court enter a protective order limiting the use of such documents and depositions. The parties seek a protective order to assure that any such information be kept confidential. The parties have entered into this Order for the purpose of facilitating the efficient production of information that the producing party may claim is entitled to confidential treatment.

## DEFINITIONS

For the purposes of this Order the following definitions shall apply:

"**Discovery Material**" means all documents, depositions, deposition exhibits, responses to any discovery requests, including responses to interrogatories, document requests, and requests for admissions, inspections, examinations of physical evidence, witness interviews, and any other information produced pursuant to the Federal Rules of Civil Procedure or otherwise given or exchanged by and among the parties and non-parties to this action.

"**Document**" is defined as provided in Rule 34(a) of the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

"**Confidential Discovery Material**" means Discovery Material designated as "Confidential" under the terms of this Order.

"**Highly Confidential Discovery Material**" means Discovery Material designated as "Highly Confidential-Attorney Eyes Only" under the terms of this Order.

"**Producing Party**" means any party or non-party to this action producing Discovery Material.

"**Designating Party**" means any Producing Party or other party to this action who wishes to designate or has designated Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material.

"**Receiving Party**" means any Party to this action who receives Discovery Material from any Producing Party.

## TERMS OF CONFIDENTIALITY

1.     Any Producing Party or Designating Party may designate any Discovery Material as "Confidential" under the terms of this Order if such party in good faith believes that such Discovery Material is confidential and implicates common law and/or statutory privacy interests

2

of the parties; that is, Discovery Material that contains privileged material, material subject to the work-product doctrine, non-public, proprietary, commercially sensitive, competitively sensitive or highly personal information that requires the protections provided in this Order.

2.     Confidential Discovery Material, and information derived therefrom, shall be used solely for purposes of this action and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or in connection with any other proceeding or litigation.

3.     The designation of Discovery Material as "Confidential" for purposes of this Order shall be made in the following manner by any Producing or Designating Party:

A.     In the case of documents or other materials (apart from interviews, depositions or pretrial testimony), by stamping the same with the legend "Confidential" or otherwise labeling the document as "Confidential" in a manner that will not interfere with the document's legibility.

B.     In the case of depositions or pretrial testimony, by a statement on the record, by counsel, at the time of such disclosure that said testimony is "Confidential." Such testimony may also be designated by written notice from counsel for the Designating Party to the court reporter and counsel of record for all other parties, specifying by page and line number the material to be classified and the classification assigned, provided such written notice is promptly given to all counsel of record within twenty (20) days after notice by the court reporter of the completion of the transcript.  Deposition testimony shall be treated as "Confidential" until the expiration of the twenty (20) day period unless, during the deposition, any specific testimony was designated on the record as Highly Confidential Discovery Material, in which case the deposition will be treated as "Highly Confidential-Attorney Eyes Only."

With regard to designations made during the deposition, the designating party shall have

3

the right to exclude from the deposition all persons not entitled under this Order to view or receive such Confidential Discovery Material before the taking of such testimony. If a disclosing party or non-party promptly and timely determines that it inadvertently failed to properly designate confidential testimony, it may do so by giving notice to all Parties, who shall thereafter treat the materials pursuant to the provisions of this Order. Any transcript portion that contains testimony so designated shall be labeled in a visible manner with the Confidential or Highly Confidential-Attorney Eyes Only legend, and if requested by the designating party, shall be bound in a separate, sealed volume by the court reporter.

      C.    In the case of any other production of Discovery Material not otherwise covered by this Order, a written statement made by counsel of the Designating Party to counsel for the other parties to this action, that such Discovery Material or any portion thereof is "Confidential."

      4.    A Producing Party shall have the right to designate Discovery Material consisting of competitively sensitive financial information and business plans as "Confidential" where the Designating Party believes in good faith that he, she or it would be entitled to such a restriction under Rule 26(c)(7) of the Federal Rules of Civil Procedure. This may include, without limitation, Discovery Material that the Producing Party claims constitutes trade secrets, confidential commercial information, business plans, projections and other forward looking information, budgets, general marketing information and budgets, general financial information (including historical financial information), and other confidential or privileged matter. The parties agree to use their best efforts, acting in good faith, to limit such designations to material that truly warrants the special treatment accorded such material hereunder.

      5.    Discovery Material designated as "Confidential" shall not, without the written consent of the party producing it or further Order of the Court, be disclosed, except that, such

information may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

A.      The Court, persons employed by the Court and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

B.      Any mediator or arbitrator involved in this case, and those who assist him or her;

C.      Any named party, a party's officers or employees involved with the present lawsuit, outside counsel to such parties who have entered appearances in this action, in-house counsel for the corporate parties herein, and clerical, paralegal and secretarial staff employed or retained by outside or in-house counsel;

D.      Experts witnesses or consultants retained by counsel in connection with this action, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case, and their assistants and staff;

E.      Independent litigation support services personnel, including copying services, imaging and coding services, trial exhibit preparation services, solely for the purpose of assisting a party with the litigation or related settlement/mediation attempts; and

F.      Deposition witnesses questioned by counsel of record for a party in connection with this action, but only to the extent necessary to assist such counsel in the prosecution or defense of this action, and provided that (i) such witness signs an Undertaking in the form attached as Exhibit A and thereby agrees to be bound by the terms of this Order, or (ii) if such witness refuses to sign an Undertaking, and such refusal is noted on the deposition record, counsel provides the witness with a copy of this Order, informs the witness that the information to be communicated is Confidential, subject to a Confidentiality Order in this case, may be used only in connection with that deposition and may not be communicated to any other person, and

that any misuse of the Confidential Discovery Material will violate the Court's Order and may be punished as a contempt of Court; and

G.    Other persons by written agreement of the parties.

6.    A party may designate Confidential Discovery Material as "Highly Confidential-Attorney Eyes Only" only after making a good-faith determination that the information or documents include or constitute confidential and proprietary information which, if disclosed to the other party, rather than his, her, or its counsel, could result in serious injury or harm to the designating party's business interests even if such material was designated as "Confidential" under the terms of this protective order. Confidential Discovery Material that can be designated as "Highly Confidential-Attorneys Eyes Only" may include, without limitation, Discovery Material relating to: current prices, revenues, costs, profits or losses, current business or marketing plans, current research and development, trade secrets, and other similar information if highly sensitive and incapable of being sufficiently protected by a "Confidentiality" designation. Without the written consent of the Producing Party or further Order of the Court, information or documents designated as "Highly Confidential-Attorneys Eyes Only" may not be disclosed to any persons or entities other than the following:

A.    The Court, persons employed by the Court and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

B.    Any mediator or arbitrator involved in this case, and those who assist them;

C.    Outside counsel, including local counsel, to any named party who have entered appearances in this action (i.e., counsel for a party who is not an employee of the party or its affiliates) and clerical, paralegal and secretarial staff employed or retained by outside counsel;

D.     Experts witnesses or consultants retained by counsel in connection with this action, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case, and their assistants and staff and pursuant to the terms of this Protective Order;

E.     Independent litigation support services personnel, including copying services, imaging and coding services, trial exhibit preparation services, solely for the purpose of assisting a party with the litigation or related settlement/mediation attempts; and

F.     Other persons by written agreement of the parties.

7.     Designation of "Highly Confidential-Attorney Eyes Only" Confidential Material shall be made in good faith and in the same manner as stated in paragraph 3 of the Order concerning Confidential Discovery Material.  In the case of documents or other materials (apart from interviews, depositions or pretrial testimony), however, such designation shall be made by stamping the same with the legend "Highly Confidential-Attorney Eyes Only" or otherwise labeling the document as "Highly Confidential-Attorney Eyes Only" in a manner that will not interfere with the document's legibility.

8.     Notwithstanding anything contained in paragraphs 5 or 6, Confidential Discovery Material and Highly Confidential Discovery Material may be disclosed to any expert or consultant retained by counsel in connection with this action only for the purpose of enabling such expert or consultant to prepare a written opinion, to prepare to testify and testify at trial, hearings or depositions herein, or to otherwise assist counsel in the prosecution or defense of this action, and provided that such expert or consultant: (a) is not currently employed by, engaged by, or directly advising any competitor of the Designating or Producing Party with respect to any business matter materially related to the subject matter of this action; (b) agrees not to provide any such advice within the six months after such expert's or consultant's services has been completed in connection with this action; and (c) is using said information solely in connection

7

with this action.  Before receiving any such material, such consultant or expert shall sign an Undertaking in the form attached hereto as Exhibit B, thereby agreeing in writing to be bound by the terms and conditions of this Order, consenting to the jurisdiction of this Court for purposes of enforcement of the terms of this Order, and agreeing not to disclose or use such Confidential Discovery Material and Highly Confidential Discovery Material for purposes other than those permitted hereunder.

9.     No copies of Confidential Discovery Material or Highly Confidential Discovery Material shall be made except by or on behalf of the persons authorized in accordance with subsections of paragraphs 5 and 6, above and such authorized persons shall use Confidential Discovery Material and  Highly Confidential Discovery Material solely for the purposes of this action and shall not reveal to anyone other than those encompassed by subsections of paragraph 5 and 6 above unless such person signs an Undertaking in the form attached as Exhibit A and thereby agrees to be bound by the terms of this Order and:

A.     the disclosure is to an author or an addressee or recipient on the face of a document being disclosed who is not otherwise shown prior to such disclosure to have failed to author or receive the document;

B.     the disclosure is to a person who received or saw the information, or who can otherwise be shown to have known or possessed the information, prior to the disclosure;

C.     the disclosure is to a person who participated in any meeting or communication to which the information refers, or to whom the information refers;

D.     the disclosing party assents in advance in writing to such disclosure; or

E.     the Court otherwise directs.

When Confidential Information of a disclosing party is stored, kept, or accessible by a receiving party or otherwise located outside of the United States, the receiving party shall take

sufficient steps to prevent persons not permitted by this Order to receive or view such information from accessing, receiving or viewing the information, including, but not limited to, physically securing, segregating, or limiting access to such information.

10.     In the event that a party shall desire to provide access to Confidential Discovery Material or Highly Confidential Discovery Material hereunder to any person or category or persons not included in paragraphs 5 and 6 hereof, or prohibit access to Confidential Discovery Material or Highly Confidential Discovery Material by the same, and if the Designating Party objects thereto, the party may move this Court, in compliance with such Rules and orders and consistent with the other terms and provisions of this Order, for an order modifying the Order to provide or restrict access to the material designated as Confidential Discovery Material or Highly Confidential Discovery Material. The moving party shall have the burden of demonstrating good cause for modification of the Order.

11.     When filing any documents that contain information that has been designated Confidential Discovery Material or Highly Confidential Discovery Material, such documents shall be filed and served separately and in accordance with the Local Rules for the Federal District Court for the District of Colorado ("Local Rules"), the Electronic Case Filing ("ECF") Procedures, and the ECF User Manual for such district so that such documents are sealed from public view. All such materials so filed shall be released from confidential treatment only upon further order of the Court. Service of such Confidential Discovery Material or Highly Confidential Discovery Material on all counsel for the named parties shall be in accordance with such Local Rules and ECF procedures, and be accompanied by a cover page or similar designation as provided under the Local Rules. All other documents not designated as Confidential Discovery Material or Highly Confidential Discovery Material shall be filed

separately in accordance with such Local Rules and ECF procedures so that they are otherwise made publicly available.

12.     If the Receiving Party objects to the designation of any Discovery Materials as "Confidential" or "Highly Confidential-Attorney Eyes Only," the Receiving Party's objection shall be by giving written notice of the disputed Discovery Material to the Designating Party. Such written notice shall identify the information to which the objection is made and may include a request that the Designating Party produce redacted copies of specifically identified materials with the Confidential Discovery Material or the Highly Confidential Discovery Material therein redacted.   The parties shall attempt to resolve the dispute in good faith. However, if the parties cannot resolve the objection, it shall be the obligation of the Designating Party to ~~file~~ make an appropriate motion requesting that the Court determine whether the disputed Discovery Material should be subject to the terms of this Order within thirty (30) days of receipt of written notice of the objection to the designation by the Receiving Party.  If no such motion is timely made, the designation shall be deemed withdrawn.  If such a motion is made within the time permitted, the Discovery Material shall continue to be deemed Confidential Discovery Material or Highly Confidential Discovery Material under the terms of this Order, until the Court rules on such motion.  In connection with a motion filed under this paragraph, the Designating Party shall bear the burden of establishing that good cause exists for the disputed Discovery Material to be treated as "Confidential" or "Highly Confidential-Attorney Eyes Only." If the Designating Party fails to ~~file~~ make such a motion within the time permitted, the Discovery Material shall lose its Confidential or Highly Confidential designation.

A party shall not be obligated to challenge the propriety of a designation of a document or information as confidential at the time made, and failure to do so shall not preclude

subsequent challenge to the designation or constitute any admission of confidentiality, unless otherwise provided for in this Order.

13.     In the event that any Confidential Discovery Material or Highly Confidential Discovery Material is used in any court proceeding in this action or any appeal therefrom, counsel shall confer in good faith on such procedures as are necessary to protect the confidentiality of any such material used in the course of any court proceedings including, but not limited to, requesting the Court to hear counsel with respect to such information *in camera*. No party who has received Confidential Discovery Material or Highly Confidential Discovery Material shall offer it into evidence, or otherwise tender it to the Court in any court proceeding, without first advising the Court and the Designating or Producing Party of its intent to do so.  At that point, the Designating Party may seek such protection from the Court as it deems appropriate, including the exclusions of persons and witnesses from the Court and the sealing of the pertinent parts of the Court records.  The use of Confidential Discovery Material or Highly Confidential Discovery Material in any court proceeding shall not prejudice in any way the rights of any person to petition the Court for such further protective measures as may be, necessary to protect the confidentiality of such material.

14.     If the Producing Party refuses to produce certain documents on the grounds of privilege, including without limitation, upon grounds of attorney-client privilege or attorney work product, such Producing Party shall prepare and produce a privileged document log identifying each document and its source, as well as the grounds relied upon for such non-production.  Specifically, the privileged document log, should include, at a minimum, the name(s) of who created the specified document and the recipient(s) thereof, a bate-stamped number or similar designation that specifically identifies the subject document, the date(s) the document was created, a brief description of the document and the type(s) of privilege relied

upon by the Producing Party.  Upon request by the Receiving Party, such privilege log shall be prepared and produced to the Receiving Party within twenty (20) days after such request is made. Communications with counsel since the filing of the present lawsuit need not be included in a privilege log, however.

15.   A disclosing party may produce materials in redacted form, redacting only information that is subject to a claim of attorney-client privilege, work product immunity, or is otherwise protected from disclosure, and shall make the notation "REDACTED," or other similar notation, on each redacted portion of the document.  Where a party receiving redacted materials has good cause to believe that the redacted information is subject to disclosure, the Parties shall attempt to resolve any dispute without intervention by the Court.  Should the Parties be unable to resolve their dispute regarding redacted information, the party making the redaction shall have the burden: (a) to ~~file~~ make a motion seeking to maintain the redaction within thirty (30) days of receipt of written objection to the redaction; and (b) in any motion brought before the Court, to show that the redaction is proper.

16.   Except as otherwise provided herein, inadvertent failure to designate Discovery Material as "Confidential" or "Highly Confidential-Attorney Eyes Only" shall not be deemed a waiver of any claim of confidentiality as to such information or material, and such failure may be corrected by supplemental written notice of designation. Treatment of such Discovery Material in a non-confidential manner by a Receiving Party prior to such supplemental written notice of designation shall not be deemed a breach of this Order.  However, upon receipt of the supplemental written notice of designation of such Discovery Material as "Confidential" or "Highly Confidential-Attorney Eyes Only," such Discovery Material shall become Confidential Discovery Material or Highly Confidential Discovery Material, respectively, and be treated accordingly under this Order. The Receiving Party shall retrieve, to the extent reasonably

12

possible, such information or material and any material derived from or containing such information or material and mark such Discovery Material with the modified designation.

17.    In the event that a Party inadvertently discloses to any other Party information or material that is privileged in whole or in part pursuant to the attorney-client privilege, work product doctrine, or other applicable privilege, such privilege shall not be deemed waived so long as the Party inadvertently disclosing the information or material claimed to be privileged provides written notice of the inadvertent disclosure within fourteen (14) calendar days of the date on which such Party becomes aware of such inadvertent disclosure. Upon receipt of such notice, a Receiving Party may retain such disclosed information or material claimed to be privileged solely for the purpose of applying to the Court for relief from such claim of privilege. Otherwise, a Receiving Party shall return any such disclosed information or material to the Producing Party or destroy any and all copies of it and submit certification of such destruction to the Producing Party. A Receiving Party shall not take the position that the disclosed information or material is not privileged on the ground of inadvertent disclosure in this action. Any other grounds of objection of a Receiving Party to the claim of privilege shall be retained, including the ground that such disclosed information or material has lost its privilege due to the manner of its handling or public exposure for reasons unrelated to the inadvertent disclosure.

18.    The provisions of this Order shall, absent written permission of a Designating Party or further order of the Court, continue to be binding throughout and after the termination of this action, including, without limitation, any appeals therefrom.  Within forty (40) days after receiving notice of the entry of an order, judgment or decree, and any appeals therefrom, finally disposing of all litigation in which Confidential Discovery Material and/or Highly Confidential Discovery Material was disclosed, all persons having received such material shall, at the option of the Designating Party, either return such material and all copies thereof (including summaries

13

and excerpts) to the Producing Party or its counsel or destroy all such Confidential Discovery Material and Highly Confidential Discovery Material and certify in writing to the Producing and/or Designating Parties or their counsel that such destruction has occurred.  Counsel for the parties shall be entitled to retain for their records one copy of all court papers, deposition and trial transcripts and attorney work product which contain Confidential Discovery Material, Highly Confidential Discovery Material or references thereto; <u>provided</u> that such counsel, and employees of such counsel, shall not disclose to any person nor use for any purpose unrelated to this action such court papers or attorney work product except pursuant to court order or agreement with the Producing Party and Designating Party.  If any person receiving documents covered by this Order (the "Receiver") is served with a subpoena, demand, or any other legal process seeking Discovery Material by one not a party to this action which was produced or designated as Confidential Discovery Material or Highly Confidential Discovery Material in this action, the Receiver shall give prompt written notice to the Producing and Designating Parties, and shall, unless otherwise ordered by a court, decline to produce the Discovery Material on the basis of the existence of this Order.

19.     In the event additional parties join or are joined in this action, or additional or different counsel enter an appearance, they shall not be given access to Confidential Discovery Material or Highly Confidential Discovery Material until the newly joined party, by its counsel, or the newly appearing counsel, as the case may be, has executed this Order and provided a copy of same to all other counsel in this action.

20.     Neither this Order, the producing or receiving of Confidential Discovery Material or Highly Confidential Discovery Material hereunder, nor otherwise complying with the terms of this Order shall:

A.   Prejudice in any way the rights of the parties to object on grounds of privilege, relevance, or otherwise to the production of documents or other information they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material or Highly Confidential Discovery Material;

B.   Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document (or portion thereof), testimony or other evidence subject to this Order;

C.   Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

D.   Prevent the parties to this Order from agreeing in writing, with the consent of the Designating Party, to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material; or

E.   Prejudice in any way the rights of a party to contest the designation of any Discovery Material as privileged or "Confidential."

21.   Nothing herein shall prevent any party to this action from using, for any purpose, and in any manner, Confidential Discovery Material or Highly Confidential Discovery Material that such party produced and designated as Confidential Discovery Material or Highly Confidential Discovery Material in connection with this action.

22.   Nothing in this Order shall preclude any party from filing a motion seeking further or different protection from the Court under the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Discovery Material or Highly Confidential Discovery Material shall be treated at trial.  This Order may be modified by the

15

Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard, if requested.

23.   This Order does not relieve any party or non-party from compliance with the Federal Rules of Civil Procedure or standing orders of this Court with respect to discovery disputes.

24.   This Order may be executed in counterparts, each of which shall be considered an original hereof. This Order shall become effective and binding as an agreement between the parties to the action upon the last of them to execute it. This Order shall thereafter become effective and binding on each later-added signatory party as an agreement among it and all other signatory parties when executed by each such later-added signatory party. The agreement's binding effects set forth in this paragraph shall operate regardless of whether or when the Court enters its order hereon.

25.   The Court retains jurisdiction for purposes of enforcing the terms of this Order at any time after termination of this action.

26.   Each signatory party and each person to whom disclosure of any designated Confidential Discovery Material or Highly Confidential Discovery Material is made shall be subject to and hereby submits to the jurisdiction of this Court for purposes of enforcing this Order, including without limitation injunction proceedings or contempt proceedings.

27. Notwithstanding any previous provisions of this Order to the contrary, the parties shall utilize Magistrate Judge Mix's discovery procedures to obtain rulings on disputes relating to documents and information subject to the Order. See Scheduling Order [#50] at p. 9, section 9.0.2.

KLM

Respectfully submitted this 17th day of November, 2011.

s/ Blair E. Kanis
Chad T. Nitta
Blair E. Kanis
KUTAK ROCK LLP
1801 California Street, Suite 3100
Denver, CO 80202
Telephone: 303.297.2400
Email: chad.nitta@kutakrock.com
          blair.kanis@kutakrock.com

Attorneys for Plaintiff Profitstreams LLC

s/ Martha L. Fitzgerald
Martha L. Fitzgerald
Ashley Krause
Kathryn Barrett
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, CO 80202-4432
Telephone: 303.233.1100
Email: mfitzgerald@bhfs.com
          akrause@bhfs.com
          kbarrett@bhfs.com

Attorneys for Defendant Ameranth, Inc.

## ORDER

Pursuant to stipulation and good cause appearing therefor, IT IS SO ORDERED.

Dated this _18th_ day of _November_, 2011.          BY THE COURT:

UNITED STATES DISTRICT JUDGE
          MAGISTRATE

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

17

<u>EXHIBIT A</u>

## UNDERTAKING PURSUANT TO ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL MATERIAL

1.    I have read the foregoing Order dated, _____, 2011, that governs the treatment of Confidential Discovery Material and Highly Confidential Discovery Material, as defined in the Confidentiality Stipulation and Protective Order ("Order"), in the action styled <u>Profitstreams LLC v. Ameranth, Inc.</u>, civil action number 1:11-cv-01710-RBJ-KLM, in Federal District Court for the District of Colorado.

2.    I have been informed that materials being shown or provided to me contain information that has been designated as Confidential Discovery Material or Highly Confidential Discovery Material, as defined in the Order.

3.    I hereby represent that I have not divulged, and will not divulge, or undertake to divulge, any Confidential Discovery Material or Highly Confidential Discovery Material except as authorized in the Order.  I further represent that I will not use any Confidential Discovery Material or Highly Confidential Discovery Material for any purpose other than the Litigation, and that, at the termination of the Litigation, I will return all Confidential Discovery Material and Highly Confidential Discovery Material with which I have been provided to the counsel from whom I received such Discovery Material.

4.    I hereby agree to abide by the terms of the Order.

5.    For the purposes of enforcing the terms of the Order, I hereby submit to the jurisdiction of the Federal District Court for the District of Colorado.

A-1

Printed Name: _____

Dated: _____     Signature: _____

A-2

<u>EXHIBIT B</u>

## UNDERTAKING PURSUANT TO ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL MATERIAL

1.     I have read the foregoing Order dated, _____, 2011, that governs the treatment of Confidential Discovery Material and Highly Confidential Discovery Material, as defined in the Confidentiality Stipulation and Protective Order ("Order"), in the action styled <u>Profitstreams LLC v. Ameranth, Inc.</u>, civil action number 1:11-cv-01710-RBJ-KLM, in Federal District Court for the District of Colorado ("Litigation").

2.     I have been informed that materials being shown or provided to me contain information that has been designated as Confidential Discovery Material and/or Highly Confidential Discovery Material, as defined in the Order.

3.     I hereby represent that I have not divulged, and will not divulge, or undertake to divulge, any Confidential Discovery Material or Highly Confidential Discovery Material except as authorized in the Order. I further represent that I will not use any Confidential Discovery Material or Highly Confidential Discovery Material for any purpose other than the Litigation, and that, at the termination of the Litigation, I will return all Confidential Discovery Material or Highly Confidential Discovery Material with which I have been provided to the counsel from whom I received such Discovery Material.

4.     I hereby attest that I am not currently employed, engaged by or directly advising any competitor of the Producing Person with respect to any business matter materially related to the subject matter of this action; and I agree that I will not provide any such advice within the six

B-1

months after my service has been completed in connection with this action and that I am using said information solely in connection with this action.

    5.      I hereby agree to abide by the terms of the Order.

    6.      For the purposes of enforcing the terms of the Order, I hereby submit to the jurisdiction of the Federal District Court for the District of Colorado.

Printed Name: _____

Dated: _____  Signature: _____

B-2